*309 ORDER (Recognizing Right to Challenge)
TODD R. MATHA, Associate Judge.
INTRODUCTION
The Court must determine whether the Constitution of the Ho-Chunk Nation [hereinafter Constitution], Art. VIII, Sec. 7 permits the plaintiffs to challenge the No Action or No Change outcome of the October 14, 2000 Special Redistricting Election. The Court employs the plain meaning/intent of the provision in the absence of any constitutional history to the contrary. Accordingly, the plaintiffs claim for declaratory and injunctive relief survives this phase of the litigation.
PROCEDURAL HISTORY
The Court recounts the procedural history in significant detail in its Order (Partial Dismissal of Claims), CV 00-104 (HCN Tr. Ct, Nov. 3, 2000). For purposes of this decision, the Court notes that the parties filed required disclosures as directed by the Order (Discovery Period), CV 00-104 (HCN Tr. Ct., Oct. 30, 2000). The plaintiffs submitted them Notice of Disclosure on November 3, 2000. The defendants also filed their Required Disclosures—Statistics for Proposed ReDistricting and Defendants’ Required Disclosures on November 3, 2000.[1]
*310 The Court provided verbal notice of the Hearing on Defenses at the November 1, 2000 Pre-Trial Hearing. The Assistant Clerk of Court, Selina D. Joshua, faxed and mailed written Notice (s) of Hearing to the parties later that day, informing them of the date, time and location of the Hearing on Defenses. Prior to convening the Hearing, the defendants filed the November 2, 2000 Motion to Dismiss. The plaintiffs faxed their Reply to Defendants (sic) Motion to Dismiss on November 4, 2000.[2] The following parties appeared at the November 6, 2000 Hearing on Defenses: Attorney Gary J. Montana, plaintiffs’ counsel, and Attorney John S. Swimmer, defendants’ counsel.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Article III—Organization of the Government
Section 2. Branches of Government. The government of the Ho-Chunk Nation shall be composed of four (4) branches: General Council, Legislature, Executive, and Judiciary.
Section 3. Separation of Functions. No branch of the government shall exercise the powers or functions delegated to another branch.
Section 4. Supremacy Clause. This Constitution, shall be the supreme law over the territory and within the jurisdiction of the Ho-Chunk Nation.
Article IV—General Council
Section 1. Po we rs of the General Council. The People of the Ho-Chunk Nation hereby grant all inherent sovereign powers to the General Council. All eligible voters of the Ho-Chunk Nation are entitled to participate in General Council.
Section 2. Delegation, of Authority. The General Council hereby authorizes the legislative branch to make laws and appropriate funds in accordance with Article V. The General Council hereby authorizes the executive branch to enforce the laws and administer funds in accordance with Article VI. The General Council hereby authorizes the judicial branch to interpret and apply the laws and Constitution of the Nation in accordance with Article VII.
Article V—Legislature
Section 3. Codes. The Legislature shall adopt Codes governing Membership, Open Meetings, Elections, Ethics including conflicts of interest, nepotism, and the conduct of all elected and appointed officials and employees, and other Codes as deemed necessary.
Section 4. Redistricting or Reappor-tioumeid. The Legislature shall have the power to redistrict or reapportion including changing, establishing, or discontinuing Districts. The Legislature shall maintain an accurate census for the purposes of redistricting or reapportionment. The Legislature shall redistrict and reapportion at least once every five (5) years beginning in 1995, in pursuit of one-person/one-vote representation. The Legislature shall exercise this power only by submitting a final proposal to the vote of the people by Special Election which shall be binding and which shall not be reversible by the General Council. Any redistricting or reappor *311 tionment shall be completed at least six (6) months prior to the next election, and notice shall be provided to the voters.
Article VI—Judiciary
Section 4. Powers of the Judiciary. The judicial power of the Ho-Chunk Nation shall be vested in the Judiciary. The Judiciary shall have the power to interpret and apply the Constitution and laws of the Ho-Chunk Nation.
Section 5. Jurisdiction of the Judiciary.
(a)The Trial Court shall have original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs and traditions of the Ho-Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such case or controversy arising within the jurisdiction of the Ho-Chunk Nation shall be filed in Trial Court before it is filed in any other- court. This grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.
Section 6. Powers of the Tribal Court.
(a) The Trial Court shall have the power to make findings of fact and .conclusions of law. The Trial Court shall have the power to issue all remedies in law and in equity including injunctive and declaratory relief and all writs including attachment and mandamus.
(b) The Trial Court shall have the power- to declare the laws of the Ho-Chunk Nation void if such laws are not in agreement with this Constitution.
Article VIII—Elections
Section 1. General Elections. General Elections shall be held on the first Tuesday in June of odd numbered years. Offices of the Legislature, Executive, and Judiciary shall be filled at General Elections.
Section 7. Challenges of Election Results. Any member of the Ho-Chunk Nation may challenge the results of any election by filing suit in Tribal Court within ten (10) days after the Election Board certifies the election results. The Tribal Court shall hear and decide a challenge to any election within twenty (20) days after the challenge is filed in Tribal Court.
AMENDED AND RESTATED HO-CHUNK NATION ELECTION ORDINANCE
Article XIV—Challenges to the Election Results
Section 14.01. Challenges to the Election Results.
(a) The results of an election may be challenged in accordance with Article VIII, Section 7 of the Constitution: Supra.
(b) The person challenging the election results shall prove by clear and convincing evidence that the Election Board violated the Election Ordinance or otherwise conducted an unfair election, and that the outcome of the election would have been different but for the violation. If the Court finds the challenge is frivolous or wholly without merit, the party challenging shall be assessed costs of the action in an amount equal to one hundred dollars ($100.00).
(c) If the Trial Court invalidates the election results, a new election shall be held as soon as possible.
Article XIX—Intent, Purpose and Construction
Section 19.01. Intent, Purpose and, Construction.
*312 This Ordinance is intended to establish procedures to ensure fair elections. This Ordinance shall be interpreted liberally in order to accomplish such intent. Substantial compliance shall satisfy this Ordinance. Technicalities shall not be used to interfere with, delay or block elections or cause confusion or a loss of voter confidence in the election system.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 57. Entry and Filing-of Judge-ments.
All judgements must be signed by the presiding trial court judge. All signed judgements shall be deemed complete and entered for all purposes after the signed judgement is filed with the Clerk. A copy of the entered judgement shall be mailed to each party within two (2) calendar days of filing. The time for taking an appeal shall begin running from the date the judgement is filed with the Clerk. Interest on a money judgement shall accrue from the date the judgement is filed with the Clerk at a rate set by the Legislature or at five (5) per cent per year if no rate is set. Rule 61. Appeals.
Any final Judgement or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal All subsequent actions of a final Judgement or Trial Court Order must follow the HCN Rules of Appella te Procedure.
INTERIM RULES OF CIVIL PROCEDURE FOR USE IN ELECTION CHALLENGES
Rule 8. The final judgment of the Trial Court is appealable to the Ho-Chunk Supreme Court. The notice of appeal shall be filed and served within five (5) days of entry of the judgement.
Rule 9. The appellants (sic ) brief shall be filed and served within ten days of the date of the notice of appeal. Any responding brief shall be filed within ten days of service of appellants (sic) brief. Further briefs may be permitted in the discretion of the Chief Justice of the Supreme Court. The appellant at their own cost must obtain a copy or (sic ) the transcript and provide a copy to the respondent.
FINDINGS OF FACT
1. The Court incorporates by reference the Findings of Fact enumerated in the November 3, 2000 Order (Partial Dismissal of Claims), pp. 7-9.
2. The parties received proper notice of the November 6, 2000 Hearing on Defenses.
3. The defendants offered no constitutional history for purposes of interpreting the election challenges provision contained in the Constitution, Art. VIII, Sec. 7, or any evidence that the Ho-Chunk Nation Legislature [hereinafter Legislature] referred to constitutional history when drafting Article XIV, Challenges to the Election Results, in the Amended and Restated Ho-Chunk Nation Election Ordinance [hereinafter Election Ordinance].
DECISION
The defendants pursued four (4) defenses within the November 2, 2000 Motion to Dismiss. First, the defendants claimed that the October 25, 2000 Complaint for Declaratory and Injunctive Relief does not represent a proper challenge as contemplated by the Constitution, Art. VIII, Sec. 7. Second, the defendants claimed that the Constitution, Art. XII, Sec. 1 extends *313 sovereign immunity to the Legislature and Election Board. Third, the defendants claimed that the Constitution, Art. XII, Sec. 2 extends official immunity to the individual legislators named in the suit. Fourth, the defendants claimed that the Court should refrain from attempting to resolve an alleged political question, thereby recognizing the absence of a justiciable case or controversy under the Constitution, Art. VI, Sec. 5(a). The Court only addresses the first contention since its resolution in favor of the plaintiffs renders the remaining defenses irrelevant.
The defendants essentially contend that the Constitution, Art. VIII, Sec. 7 allows procedural and not substantive election challenges. More specifically, the incorporation of the term “results” within the constitutional provision evidences an intent to permit challenges only to procedural irregularities capable of creating an error in the numerical outcome of the election (e.g. improperly rejected ballots). The defendants buttress this construction by reference to the Election Ordinance, Art. XIV, Sec. 14.01.
The Election Ordinance provides that “[t]he person challenging the election results shall prove by clear and convincing evidence that the Election Board violated the Election Ordinance or otherwise conducted an unfair election, and that the outcome of the election would have been different but for the violation.” Election Ordinance, Art. XIV, Sec. 14.01(b). The defendants view this provision when read in conjunction with the stated intent of the Election Ordinance, See Id,., Art. g XIX, Sec. 19.01, as limiting the scope of the constitutional election challenges provision to accommodate only procedural claims.[3] However, the alleged limiting construction placed upon the Constitution, Art. VIII, Sec. 7 by the Legislature through enactment of the Election Ordinance is specifically prohibited by the Constitution as consistently construed by the Ho-Chunk Nation Judiciary Branch.
The General Council entrusted the Judiciary Branch with the power to interpret the Constitution. Constitution, Art. IV, Sec. 1 and 2; See also Id., Art. VI, Sec. 4. The coequal governmental branches are prohibited from unduly intruding into the province of another. See Id., Art. Ill, Sec. 3. The Supreme Court of the Ho-Chunk Nation [hereinafter HCN Supreme Court] has clearly expressed that “[t]his Court’s function is to interpret our Constitution.” Loa L. Potter v. Chloris Louie, Jr., SU 96-OS (HCN S. Ct, Jan. 10, 1997) p. 5. Furthermore, any interpretation of the CONSTITUTION would necessarily supersede that of an ordinance purporting to interpret the same constitutional provision. See Constitution, Art. Ill, Sec. 4.
 The Court, therefore, must apply the interpretive principles announced by the HCN Supreme Court in determining the scope of the constitutional election challenges provision. Typically, “a court will look at legislative history, written and/or1 oral, as well as notes, records and other documentation available to interpret meanings.” Jo Ann Jones v. Ho-Chunk Nation Election Board and Chloris Lowe, CV 95-05 (HCN S. Ct, Aug. 15, 1995) p. 4. However, in the absence of “legislative history and testimony from the original framers of the HCN Constitution, the [Court] interprets [a constitutional provision] as to its plain meaning/intent.” Ho-Chunk Nation Election Board, Ho-Chunk Nation v. Aurelia. Lera Hopinkah, SU 98- *314 08 (HCN S.Ct., April 7, 1999) p. 4. The defendants neither offered constitutional history for the purpose of interpreting the Constitution, Art. VIII, Sec. 7 nor asserted that the Legislature referenced constitutional history when drafting the Election Ordinance, Art. XIV.
The Court deems that a reasonable person would not interpret the term “results” as used in the constitutional election challenges provision as referring solely to the numerical outcome. TJie Compact Edition of the Oxford English Dictionary (1979) provides these relevant definitions of the word:
Result—A decision or resolution: the outcome of the deliberations of a council or assembly.
The effect, consequence, issue, or outcome of some action, process, design, etc.
Surely a tribal member asked to express the results of the October 14, 2000 Special Redistricting Election would not respond, “212, 131, 403,” but rather “No Action or No Change.” Even the defendants inevitably construe “results” in the broader context of actual substantive outcome. The defendants caution the Court that “[Racking any clear and indisputable violation of the Constitution in this result, the Court would be required to substitute its political judgement for that of the Legislature and the People.” Defendants’ Notice and Motion to Dismiss, pp. 15-16 (emphasis added). Later the defendants insist that “[t]he result, of the referendum was the culmination of a six-month process involving extensive Area Meeting discussion and Legislative deliberation and debate.” Id., p. 16 (emphasis added). Each of these references relate back to the electorate’s choice “to stay with the [present] system,” Id., p. 15, and not the final tabulation of votes.
Clearly, the plaintiffs properly challenge the actual, tangible outcome of the election. The Court also has previously recognized the expansive scope of the constitutional election challenges provision. The Court earlier expressed that “given that every eligible voter is given an automatic right to challenge an election pursuant to the HCN Constitution itself, the Court rejects a per se claim of sovereign immunity by the Election Board.” James Greendeer v. Ho-Chunk Nation Election Board, Wade Blackdeer, Kathy Blackdeer, Tara, Blackdeer Walter and one or more John Does, CV 97-84 (HCN Tr. Ct, July 7, 1997) p. 12 (plaintiff challenged recall election due to alleged presence of false and defamatory information circulated in recall petitions).
BASED UPON THE FOREGOING, the Court hereby holds that the plaintiffs have asserted a proper challenge to the results of the October 14, 2000 Special Redisricting Election under the constitutional election challenges provision in the Constitution, Art. VIII, Sec. 7.
Any party may appeal a final judgment of the Court to the HCN Supreme Court. Election R. Civ. P. 8. A judgment becomes final once signed by the presiding judge and filed with the Clerk of Court. HCNR. Civ. P. 57; See also Id., Rule 61. The parties must abide by the procedures set •forth in the Ho-CImnk Nation Rules of Appellate Procedure to the extent such rules are in accordance with the Election II Civ. P. 8 and 9.

. The defendants failed to timely file the required disclosures set forth in the Ho-Chunk Nation Rules of Civil Procedure [hereinafter HCN R. Civ. P.l Rule 31(A)(1). See Order (Discovery Period), p. 1. The Court received the faxed submission over four (4) hours past the 12:00 P.M. CST deadline, but deems that the late filing does not prejudice the plaintiffs since their Notice of Disclosure included identical information.

. At the Pre-Trial Hearing, the Court permitted the plaintiffs to offer a response to the Motion to Dismiss if faxed or mailed prior to November 6, 2000. The Court additionally required that all future filings be accomplished by facsimile transmission with subsequent mailing.

. The Court does not find it necessary to determine whether the plaintiffs' claim sufficiently alleges that the Election Board conducted an ‘‘unfair election” or to offer an interpretation as to that terminology.