*115 ORDER (Granting Motion to Dismiss)
TODD R. MATHA, Chief Judge.
INTRODUCTION
The defendant requested a dismissal of the instant action due to the presence of a sufficient Official Nomination Petition Form (hereinafter Nomination Petition) supporting the candidacy of Gerald L. Cleveland, Sr. The plaintiff does not contradict this finding of the Ho-Chunk Nation Election Board (hereinafter Election Board), but instead focuses upon the perceived impropriety perpetrated by Mr. Cleveland and a third party. The Court accordingly grants the defendant’s motion to dismiss.
PROCEDURAL HISTORY
The Court recounts the procedural history in significant detail within a previous judgment. Scheduling Order, CV 07-30 (HCN Tr. Ct., May 4, 2007) at 1. For purposes of this decision, the Court notes that the defendants filed their Answer on May 8, 2007, including three (3) separate Motion(s) to Dismiss. To facilitate the prompt resolution of this matter, the Court scheduled a Pre-Trial Hearing, which it intended to hold on May 11, 2007 at 1:30 p.m. CDT. Id. at 2. Howrever, the plaintiff, Joyce L. Warner, could not attend the proceeding due to a medical emergency, prompting the Court to permit the plaintiff to reschedule the hearing at her earliest convenience. Order (Permitting PL to lie-schedule), CV 07-30 (HCN Tr. Ct., May 11, 2007). The Court also informed the plaintiff of her opportunity to file written responses to the defendants’ motions prior to any rescheduled hearing. Id. at 2.
Consequently, the plaintiff rescheduled the proceeding with the Clerk of Court on May 15, 2007. In response, the Court directed Notice(s) of Hearing to the parties on the same day, informing the parties of the date, time and location of the PreTrial/Motim Hearing. The Court convened the Hearing on May 18, 2007 at 1:30 p.m. CDT. The following parties appeared at the Pre-Trial)Motion Hearing: Joyce L. Warner, plaintiff; Attorney Kenneth J. Artis, plaintiffs counsel;[1] Judith A. Whitehorse, Election Board Chairperson and designated representative; and Attorney Paul Stenzel, defendant’s counsel (by telephone). At the Hearing, the parties voluntarily agreed to permit the plaintiff to personally deliver a written response to the Motion to Dismiss at or before 11:00 a.m. CDT on Saturday, May 19, 2007. LPER, 02:23:20 CDT. The plaintiff, by and *116 through legal counsel, presented the Response to Oral Argument of Ho-Chunk Nation Election Board (hereinafter Plaintiffs Response) to the presiding judge at or around 10:00 a.m. on May 19, 2007.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Art'. Ill—Organization of the Government
Sec. 2. Branches of Government. The government of the Ho-Chunk Nation shall be composed of four (4) branches: General Council, Legislature, Executive, and Judiciary.
Sec. 3. Separation of Functions. No branch of government shall exercise the powers and functions delegated to another branch.
Sec. 4. Supremacy Clause. This Constitution shall be the supreme law over all territory and persons within the jurisdiction of the Ho-Chunk Nation.
Art. IV—General Council
Sec. 2, Delegation of Authority. The General Council hereby authorizes the legislative branch to make laws and appropriate funds in accordance with Article V. The General Council hereby authorizes the executive branch to enforce the laws and administer funds in accordance with Article VI. The General Council hereby authorizes the judicial branch to interpret and apply the laws and Constitution of the Nation in accordance with Article VII.
Art. V—Legislature
Sec. 3. Codes. The Legislature shall adopt Codes governing Membership, Open Meetings, Elections, Ethics including conflicts of interest, nepotism, and the conduct of all elected and appointed officials and employees, and other Codes as deemed necessary.
Art. VIII—Elections
Sec. 1. General Elections. General Elections shall be held on the first Tuesday in June of odd numbered years. Offices of the Legislature, Executive, and Judiciary shall be filed at General Elections.
Sec. 4. Election Board. The Legislature shall enact a law creating an Election Board. The Election Board shall conduct all General and Special Elections. At least sixty (60) days before the election, the Election Board may adopt rules and regulations governing elections. Election Board members shall serve for two (2) years. Election Board members may serve more than one term. The Legislature may remove Election Board members for good cause.
Sec. 7. Challenges of Election Results. Any member of the Ho-Chunk Nation may challenge the results of any election by filing suit in Tribal Court within ten (10) days after the Election Board certifies the election results. The Tribal Court shall hear and decide a challenge to any election within twenty (20) days after the challenge is filed in Tribal Court.
ELECTION ORDINANCE, 2 HCC § 6
Subsec. 2. Purpose and Construction. This Ordinance is enacted to provide basic rules and establish election procedures to ensure that all elections are conducted in a fair and proper manner. This Ordinance shall be interpreted liberally in order accomplish this purpose. Substantial compliance shall satisfy this Ordinance. Technicalities shall not be used to interfere with, delay, or block elections or cause confusion or a loss of voter confidence in the election system.
Subsec. 4. Election Board.
b. Duties and Obligations of Election Board.
(1) Duties. The Election Board shall:
*117 (a) Conduct all General and Special Elections in a fair and impartial manner.
(2) Obligations.
(d) The Election Board shall uphold and adhere to the terms of this Election Ordinance.
d. Improper Conduct by the Election Board.
(1) The Election Board shall strictly adhere to the duties and obligations set forth above. The Election Board Chairperson shall report to the Legislature any and all acts and circumstances, which come to the attention of the Chairperson regarding the conduct of Election Board Members that, in the Chairperson’s judgment, may be reasonably construed as a violation of this Ordinance, whether or not the Chairperson recommends removal under paragraph (2), below.
(2) If the Election Board or the Election Board Chairperson finds that an Election Board Member(s) has violated any provision of this Ordinance or that an Election Board Member(s) has engaged in any activity which constitutes good cause for removal, the Election Board and/or Election Board Chairperson may recommend to the Legislature that the Election Board Members) in question be removed.
(3) Subject to and consistent with the terms of the Constitution, including without limitation, Article VIII, Section 4, the Legislature may remove an Election Board Member with or without a recommendation from the Election Board or the Election Board Chairperson.
Subsec. 8. Nominations.
a. Official Nomination Petition. The Election Board shall provide an Official Nomination Petition Form (Election Board Form 1 at Appendix A) to any eligible person who wishes to be nominated for elective office: The candidate must make the request for the official nomination papers in writing, including facsimile and mail, or in person. An Official Nomination Petition Form may be circulated by or on behalf of a candidate after the posting of the Notice of Election.
c. Official Nomination Petition Form Signed by Eligible Voters. An Official Nomination Petition Form for a Legislator must be signed by ten (10) eligible voters from the candidate’s respective District. An Official Nomination Petition Form for President or Supreme Court Justice must be signed by ten (10) eligible voters who may be from any District. Only Ho-Chunk members who are age eighteen (18) years or older and who are eligible voters may sign an Official Nomination Petition Form.
d. Deadline for Return of Official Nomination Petition. A candidate for elective office shall submit an Official Nomination Petition Form to the Election Board at least sixty (60) calendar days before the date of the election. The Election Board shall specify the deadline for return of the Official Nomination Petition Form.
e. Late Nomination Petition. The Election Board shall verify all Official Nomination Petition Forms. An Official Nomination Petition Form received after the deadline shall be rejected by the Election Board and no additional time for completion of the Official Nomination Petition Form shall be granted.
h. Final List of Candidates. The Election Board shall certify all valid Official Nomination Petition Forms and Official Declaration of Candidacy Forms. The Election Board shall post the final list of candidates for each elective office at the ten (10) Polling Places and in other appropriate locations at least thirty (30) calendar days before the date of the election. The Election Board shall use the Certifi *118 cate of Nomination Form (Election Board Form 3 at Appendix A).
Subsec. 9. Eligible Voters,
b. Residency Requirement. A voter shall be eligible to vote in the District in which the voter has resided for at least three (3) months. “Residency” is defined as the permanent physical address (not a P.O. Box) stated on the periodic Address Verification Forms solicited by the Nation’s Office of Tribal Enrollment with respect to per capita distributions. Except that in the case of voters in military service or full time registered students, “residency” shall be the last permanent physical address of such person before he or she entered military service or school.
Subsec. 13. Election Fraud.
a. Violations.
(1) It shall be an offense for any person to intentionally tamper with the voting process including, but not limited to: voting more than once in the same election, posing as another person for the purpose of voting at an election, altering a poll, and forging or falsifying documents relating to the election.
(2) It shall be an offense for any person to recklessly tamper with the voting process including, but not limited to, the acts listed in paragraph (1), above.
(3) Suspected violations of this section shall be brought in the Ho-Chunk Nation Trial Court, the burden of proof being clear and convincing evidence of a violation.
b. Penalties.
(1)Whoever violates paragraph 13a may be assessed any or more of the following by the Trial Court:
(a) A fine.
1. Fines for violations under paragraph 13a(l) are not to exceed $1,000.00.
2. Fines for violations under paragraph 13a(2) are assessed at $50.00 per offense.
(b) Additional costs to the Nation resulting from the violation as determined by the Court.
(2) Ballots received under violation of this section shall be declared void by the Election Board.
(3) Any person found guilty under paragraph 13a(l) shall be disqualified from running for any elective office for a period of four (4) years. The commencement date of this period shall coincide with the date of the Court’s decision.
Subsec. 15. Challenges to the Election Results.
b. The person challenging the election results shall prove by clear and convincing evidence that the Election Board violated this Election Ordinance or otherwise conducted an unfair election, and that the outcome of the election would have been different but for the violation. If the Court finds the challenge is frivolous and/or wholly without merit, the party challenging shall be assessed costs of the action in an amount to equal five hundred dollars ($500.00).
e. If the Trial Court invalidates the election results, a new election shall be held as soon as possible.
Subsec. 22. Interpretation and Application of Ordinance by Election Board. The Election Board shall not possess any substantive rule making authority, but shall retain the ability to interpret and apply the Ordinance unless such interpretation or application is found by the Trial Court to be contrary to the Constitution and laws of the Nation.
*119 HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 24. Substituting, Intervening and Joining Parties.
If a party becomes incompetent or transfers his/her interest or separates from some official capacity, another party may be substituted as justice requires. A party with an interest in an action may intervene and be treated in all respects as a named party to the action. To the greatest extent possible, all persons with an interest will be joined in an action if relief cannot be accorded among the current parties without that person, or the absent person’s ability to protect their interests is impeded unless they are a party. Failure to join a party over whom the Court has no jurisdiction will not require dismissal of an action unless it wrould be impossible to reach a just result without the absent party. The Court will determine only the rights or liabilities of those who are a party to the action, or eligible lor relief as part of a class certified under Rule 9. Rule 80. Appeals.
(A) Appeals. The final judgment of the Trial Court is appealable to the Supreme Court. The Appellant and/or Appellee may obtain a copy of the trial transcript at their own expense.
1. The Notice of Appeal shall be filed and served within three (3) calendar days of entry of judgment.
2. The Notice of Appeal must state a basis for appeal based upon the laws and/or Constitution of the Ho-Chunk Nation.
A Certificate of Service and fifty ($50.00 U.S.) filing fee must accompany the Notice of Appeal.
FINDINGS OF FACT
1. The parties received proper notice of the May 18, 2007 Pre-Trial/Motion Hearing.
2. The plaintiff, Joyce L. Warner, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A002431, and maintains an address of 545 Maple Avenue, Mauston, WI 53948.
3. The defendant, Election Board, is a constitutionally established entity, and maintains an address of 4 East Main Street, Black River Falls, WI 54615. Constitution of the Ho-Chunk Nation (hereinafter Constitution), ART. VIII, § 4.
4. Gerald L. Cleveland, Sr., candidate for the District IV legislative seat, sought, in part, to receive the requisite number of signatures upon his Nomination Petition by visiting the household of District IV resident Danielle G. Lewis. See Election Ordinance, 2 HCC § 6.8c (requiring signatures of ten (10) eligible voters). Mr. Cleveland provided Ms. Lewis a copy of his Nomination Petition for the purpose of acquiring the signature of other household residents, which she seemingly proceeded to obtain out of the presence of Mr. Cleveland. Id., § 6.8a (permitting circulation of a Nomination Petition on behalf of a candidate). After Mr. Cleveland’s departure from the residence, he realized that the purported signatures of the seven (7) household residents appeared attributable to only a single signatory. However, out of respect for the household, Mr. Cleveland declined to confront Ms. Lewis with his suspicion, choosing instead to satisfy the statutory requisite by obtaining, at a minimum, ten (10) valid signatures. On February 1, 2007, Mr. Cleveland submitted a timely Nomination Petition to the Election Board bearing the questionable signatures, and provided no explanation to the Election Board for the seeming impropriety. Id., § 6.8d-e. Mr. Cleveland earlier determined to refrain from personally striking the signatures from his Nomina- *120 turn Petition in the event such an action would generate unnecessary scrutiny or apprehension.[2]
5. On March 4, 2007, the Election Board initially voted to deny candidate certification to Mr. Cleveland “due to questionable signatures.” Answer, Attach. A at 6; see also Election Ordinance, § 6.8h. Subsequently, on March 10, 2007, the Election Board reversed its decision, and voted to confirm Mr. Cleveland’s candidacy on the basis of “the eligible signatures on his Nomination Petition.” Answer, Attach. B at 2; see also Election Ordinance, § 6.8c.
On April 24, 2007, the Election Board conducted the General Primary Election, which included an open seat for District IV Legislator of the Ho-Chunk Nation. Candidate Cleveland received 143 votes out of a total of 477 votes cast, amounting to 29.9790% of the tabulated votes. Candidate Daniel M. Brown received 113 votes, amounting to 23.6897% of the tabulated votes. The plaintiff received fifty-two (52) votes, amounting to 10.9015% of the tabulated votes. HCN Primary Election Results, HocAk Worak, Apr. 26, 2007, at 1.
7. On April 25, 2007, the Election Board certified the General Primary Election results, thereby placing Mr. Cleveland and Mr. Brown in the constitutionally required June 5, 2007 General Run-off Election. Const., Art. VIII, § 1.
8. On May 4, 2007, the plaintiff filed a timely election challenge. Id., § 7. The plaintiff alleges impropriety in the certification of Mr. Cleveland, and requests that “[t]he ballots received under this violation ... should been [sic] declared void by the Election Board.” Conipl, Attach. 1 at 2; see also Election Ordinance, § 6.13b(2). Furthermore, the plaintiff requests that the Court remove unidentified members of the Election Board in connection with the March 10, 2007 certification. Compl, Attach. 1 at 3.
9.On May 11, 2007, the Ho-Chunk Nation Election Board filed two (2) election fraud actions, alleging “reckless! ] tampering] with the voting process.” HCN Election Bd. v. Danielle Lewis, CV 07-35 (May 11, 2007) at 1; Cleveland, CV 07-36 at 1 (quoting Election Ordinance, § 6.13a(2)).
DECISION
To begin, the Court dismisses two (2) named defendants, Ho-Chunk Nation Legislature and Ho-Chunk Nation President Pro Tempore, from this cause of action. Relevant procedural rule advocates joinder of parties to “an action if relief cannot be accorded among the current parties without that person.” Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.), Rule 24. In the instant case, the plaintiff requests an invalidation of certain votes cast in the April 24, 2007 General Primary Election due to alleged impropriety in the candidate certification process. The plaintiff further requests that the Court remove members of the Election Board. Neither the allegations nor requests for relief necessitate the retention of the above-identified parties. See, e.g., Dion W. Funmaker et al. v. Ho- *121 Chunk Nation et al., CV 02-07-08, -10 (HCN Tr. Ct., Feb. 4, 2002) at 9. The Court removes these defendants, and all future captions, including the present, shall reflect this ruling.
The Court next dispenses with the plaintiffs request to have the Court effect a removal of unidentified Election Board members. The Constitution represents the supreme law of the Ho-Chunk Nation. Const., Art. III, § 4. It sets forth the four (4) co-equal branches of government, identifying the spheres of constitutional authority as conferred by the Ho-Chunk Nation General Council, hi, Arts. III, § 2-3, IV, § 2. In particular, the Ho-Chunk Nation Legislature is charged with promulgating an election code and establishing an Election Board. Id., Arts. V, § 3, VIII, § 4. The Legislature fulfilled its constitutional obligation through enactment of the Election Ordinance, which includes provisions detailing the removal procedure for Election Board members found guilty of violating statutory dictates. Election Ordinance, § 6.4d(1—3). The Legislature retains sole authority to remove an offending Election Board member. Id., § 6.4d(3). Conversely, the Judiciary maintains no constitutional or statutory authority to order such a remedy. See generally Joshua F. Smith, Sr. v. Adam Estes et al, CV 03-08 (HCN Tr. Ct., Dec. 18, 2003) at 14.
Turning to the defendant’s Motion to Dismiss, the Court disagrees with the first articulated ground for dismissal. Mot. to Dismiss at 1-2. The Court declines to restrictively interpret the relevant constitutional election provision, which permits a “challenge [to] the results of any election,” and has rejected similar invitations in the past. Const., Art. VIII, § 7; see, e.g., Chloris Lowe, Jr. et al. v. HCN Legislature Members Elliot Garvin et al., No. CV 00-104, 2000 WL 35710894, 2 Am. Tribal Law 308 (HCN Tr. Ct, Nov. 8, 2000). One can easily perceive of a situation whereby an Election Board certification would produce an unfair election and directly impact the results. For example, the Court could not condone a deliberate and knowing certification of a Nomination Petition containing only fraudulent signatures. Such a situation would implicate the Election Board’s official duties and obligations, yet essentially involve candidate certification prior to an election. Election Ordinance, § 6.4b(1)(a), (2)(d), d(1).
The instant case, however, does not present this hypothetical egregious situation. The Court agrees with the defendant’s assertion that “[tjaking all of Plaintiffs factual allegations as true and drawing all reasonable inferences in her favor, Plaintiffs complaint fails to state a claim against the Election Board.” Mot. to Dismiss at 2. While the Court shares the plaintiffs legitimate expectation that the Election Board ensure the occurrence of a “fair and proper” election, the Election Board does possess primary authority “to interpret and apply the Ordinance.” Election Ordinance, § 6.2, 22; see also Pis’ Resp. at 3. The Election Board determined that “[e]ven if Mr. Cleveland’s Nomination Petition contained false signatures, he ha[cl] met the requirements for certification.... ” Mot. to Dismiss at 3 (citing Election Ordinance, § 6.8c).
Mr. Cleveland permissibly entrusted his Nomination Petition to Ms. Lewis in order to obtain eligible voter signatures. Election Ordinance, § 6.8a. No evidence presently exists to suggest that Mr. Cleveland directed Ms. Lewis’s subsequent actions. Regardless, the contested signatures do not detract from the sufficiency of the Nominatimi Petition. Mr. Cleveland took the precautionary measure of obtaining twenty (20) signatures, including at *122 least ten (10) presumptively valid signatures.[3] Whether or not Mr. Cleveland and/or Ms. Lewis will be found guilty of violating the election fraud provisions will be addressed in the above-cited pending actions. A guilty holding, however, would not detract from the sufficiency of the Nomination Petition, and the Court accordingly grants the defendant’s Motion to Dismiss. The parties retain the right to appeal this final judgment pursuant to the Special Rules for Election Challenges. HCN R. Civ. P. 80.

. Attorney Artis made an entry of appearance on behalf of the plaintiff at the rescheduled proceeding. PreTrial/Mot. Hr'g (LPER, May 18, 2007, 01:36:00 CDT).

. The Court recounts the foregoing events by reference to the Election Board’s Complaint filed against Mr. Cleveland on May 11, 2007, alleging reckless tampering with the voting process. HCN Election Bd. v, Gerald Lee Cleveland, Sr., CV 07-36 (May 11, 2007) at 1-2 (citing Election Ordinance, § 6.13a(2)). The plaintiff incorporates the initial pleading into the substance of her response. Mot. Resp. at 1-2. The Court does not attribute factual status to the preceding account, and includes it solely for foundational purposes. The Court shall independently assess the factual veracity of the sequence of events within the pending election fraud case.

. The plaintiff speculates about the motivation underlying this action, but, in general, a completely rational reason always exists for obtaining additional signatures. PL’s Resp. at 3. The residency of both candidates and eligible voters has oftentimes generated dispute, and any candidate would be well advised to secure additional signatures to guard against potential controversy. See, e.g., HCN Election Bd. v. Aurelia L. Hopinka, SU 98-08 (HCN S.Ct., Apr. 7, 1999); see also Election Ordinance, § 6.9b.